IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**CURTIS ANDERSON**                                                    **PLAINTIFF**

**v.**                                       **CIVIL ACTION NO. 3:21-cv-103-HTW-LGI**

**UNITED STATES OF AMERICA,**
**OFFICER SINGLETON, S.I.S. OFFICER**
**DEAN, LIEUTENANT FISHER**                              **DEFENDANTS**

<u>REPORT AND RECOMMENDATION</u>
<u>OF UNITED STATES MAGISTRATE JUDGE</u>

Curtis Anderson files the instant action pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 91 S. Ct. 1999, 29 L. Ed. 2d 619 (1971) against Federal Bureau of Prison ("BOP") employees Officer Singleton, SIS Officer Dean, and Lieutenant Fisher in their official capacities for alleged constitutional violations stemming from his confinement at the Federal Correctional Complex ("FCC-Yazoo") in Yazoo City, Mississippi.[1] Plaintiff alleges BOP Defendants placed him in danger by housing him with inmates who posed a serious threat to his safety, and/or by failing to protect him from inmate assaults in violation of his Eighth Amendment rights. Defendants contend that dismissal is warranted pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6), for lack of exhaustion, lack of subject matter jurisdiction, and for failure to state a *Bivens* claim. Defendants also contend that, to the extent the Complaint is construed to raise a negligence claim against the United States under the Federal Torts Claims Act ("FTCA"), it is subject to the discretionary-function exception of the FTCA and should

---

[1] Plaintiff has been since been released from custody.

also be dismissed. Having considered the submissions of the parties and the applicable law, the undersigned recommends that the claims against BOP Defendants be dismissed for lack of jurisdiction, or alternatively, that summary judgment be granted for lack of exhaustion. To the extent Plaintiff's claims implicate the FTCA, the undersigned additionally recommends that those claims be dismissed.

## STANDARD OF REVIEW

A claim is properly dismissed for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) when the court lacks the statutory or constitutional power to adjudicate the claim. *Home Builders Ass'n of Mississippi, Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998). A Fed. R. Civ. P. 12(b)(6) motion to dismiss an action for failure to state a claim "admits the facts alleged in the complaint, but challenges plaintiff's rights to relief based upon those facts." *Tel-Phonic Servs., Inc. v. TBS Int'l, Inc.*, 975 F.2d 1134, 1137 (5th Cir. 1992). "To avoid dismissal, a plaintiff must plead sufficient facts to 'state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Lott v. Edenfield*, 542 F. App'x 311, 314 (5th Cir. 2013) (internal citations and quotation marks omitted). If, on a motion under Rule 12(b)(6), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. Fed. R. Civ. P. 12(d).

## DISCUSSION

In *Bivens,* the United States Supreme Court recognized a cause of action for monetary relief for constitutional violations by federal officials as the counterpart for actions brought against state officials pursuant to 42 U.S.C. § 1983. *Bivens*, 403 U.S. at 389–98. Unlike § 1983, *Bivens* is not a Congressional statute that "entitles an injured person to money damages if a state official violates his or her constitutional rights." *Ziglar v. Abbasi*, 198 L. Ed. 2d 290, 137 S. Ct. 1843, 1854 (2017). It is a judicially created remedy. Since its creation, the Supreme Court has only extended *Bivens* beyond the deprivation of Fourth Amendment rights on two occasions: for violations of the Fifth Amendment Due Process Clause for gender discrimination, *Davis v. Passman*, 442 U.S. 228, 99 S. Ct. 2264, 60 L. Ed. 2d 846 (1979), and for violations of the Eighth Amendment prohibition against cruel and unusual punishment for a deceased prisoner deprived of medical attention by officials who knew of his serious medical condition, *Carlson v. Green*, 446 U.S. 14, 100 S. Ct. 1468, 64 L. Ed. 2d 15 (1980). "These three cases—*Bivens*, *Davis*, and *Carlson*—represent the only instances in which the Court has approved of an implied damages remedy under the Constitution itself." *Ziglar*, 137 S. Ct. at 1855. In the decades since, "the Court has made clear that expanding the *Bivens* remedy is now a disfavored judicial activity." *Id.* at 1865–69 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)). The Supreme Court has even "gone so far as to observe that if the Court's three *Bivens* cases [had] been . . . decided today, it is doubtful that [it] would have reached the same result." *Hernandez v. Mesa*, 206 L. Ed. 2d 29, 140 S. Ct. 735 (2020)

(internal quotation marks omitted) ("for almost 40 years, we have consistently rebuffed requests to add to the claims allowed under *Bivens*"). The rationale has been that "Congress is best positioned to evaluate whether, and the extent to which, monetary and other liabilities should be imposed upon individual officers and employees of the Federal Government based on constitutional torts." *Id.* (internal quotation marks omitted).

Accordingly, lower courts should conduct a two-part inquiry to determine whether a *Bivens* remedy should be extended: (1) whether the *Bivens* claim represents a new context, and if so, (2) whether there are any existing remedial processes for addressing the alleged harm or other special factors counseling hesitation against extending *Bivens*. *Oliva v. Nivar*, 973 F.3d 438, 441–42 (5th Cir. 2020), *cert. denied,* 210 L. Ed. 2d 832, 141 S. Ct. 2669 (2021), *reh'g denied,* 210 L. Ed. 2d 1000, 141 S. Ct. 2886 (2021); *Cantu v. Moody*, 933 F.3d 414, 422 (5th Cir. 2019)); *Rroku v. Cole*, 726 F. App'x 201, 205 (5th Cir. 2018) (citing *Butts v. Martin*, 877 F.3d 571, 587 (5th Cir. 2017)). "[I]f there is an alternative remedial structure present in a certain case, that alone may limit the power of the Judiciary to infer a new *Bivens* cause of action." *Ziglar*, 137 S. Ct. at 1858.

As a threshold matter, even assuming arguendo that a *Bivens* remedy should extend to Plaintiff's failure-to-protect claims against the BOP Defendants in this case, the purpose of a *Bivens* action "is to deter individual federal officers from committing constitutional violations." *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 70, 122 S. Ct. 515, 151 L. Ed. 2d 456 (2001). Accordingly, it may only be maintained against a defendant in his or her individual capacity. *Id.* Because Plaintiff has sued each of the individual defendants in his or her official capacity, the claims should be dismissed for lack of

4

subject matter jurisdiction. *Gibson v. Fed. Bureau of Prisons*, 121 F. App'x 549, 551 (5th Cir. 2004) (affirming dismissal of *Bivens* claims against the BOP and BOP officers in their official capacities).

Even if the Complaint were not subject to dismissal on this basis, as Defendants note, Plaintiff has yet to fully avail himself of the BOP's Administrative Remedy Program, which permits "inmate[s] to seek formal review of an issue relating to any aspect of his/her own confinement." 28 C.F.R. § 542.10(a). [2] In support, Defendants submit Plaintiff's administrative history and an affidavit from Michael FiggsGanter, an Attorney Advisor at FCC Yazoo with access to and knowledge of "SENTRY"— a computer records system that tracks an inmate's use of the BOP's administrative remedies program. A search of Plaintiff's administrative remedies history reveals that, of the eleven administrative remedies filed by Plaintiff, none relate to the assertions in his Complaint, and there is no indication that his claims were fully exhausted before filing the instant action. Plaintiff does not contend that BOP administrative remedies were rendered unavailable to him, or that extraordinary circumstances warrant an exception to the exhaustion requirement. *See Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994). On the

---

[2] 28 C.F.R. § 542.10–542.19 establishes a four-step BOP administrative remedy process for inmates seeking formal review of issues relating to their confinement. An inmate must first file a BP-8 form requesting informal resolution. If this is unsuccessful, the inmate must submit a formal written Administrative Remedy Request directly to the Warden through a BP-9 form within 20 days after the basis for the grievance occurred. Within 20 calendar days of the Warden's response, the inmate may appeal to the Regional Director by filing a BP-10 form. If not satisfied with the Regional Director's response, the inmate may appeal by submitting a BP-11 form to the General Counsel within 30 days. Upon completing this multiple-tiered review process, the inmate has exhausted his administrative remedies.

contrary, Plaintiff has not refuted his lack of exhaustion or otherwise responded to the motion to dismiss. The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997(e), provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." *See Schipke v. Van Buren*, 239 F. App'x 85, 86 (5th Cir. 2007) (exhaustion requirement applies to *Bivens* actions). Accordingly, BOP Defendants are alternatively entitled to summary judgment based on Plaintiff's failure to exhaust administrative remedies.

As for Defendants' contention that any negligence claim against the United States is subject to dismissal under the discretionary function exemption[3] of the FTCA, Plaintiff did not specifically name the United States as a defendant in this action. Nor has the United States been substituted as the sole defendant. 28 U.S.C. § 2679 (d)(1). FTCA claims may be only brought against the United States, not the agencies or employees of the United States. *See* 28 U.S.C. §§ 2671, 2679(a), (b)(1) (providing that FTCA does not authorize suits against federal agencies, and FTCA remedy is exclusive with respect to injuries caused by federal employees acting within the scope of their employment).

Even if the Court construed this action as brought under the FTCA, as with his *Bivens* claim, Plaintiff has failed to exhaust. Under the FTCA, no damages action may be

---

[3] The discretionary function exception to the FTCA "preserves the government's sovereign immunity when the plaintiff's claim is based on an act by a government employee that falls within that employee's discretionary authority." *Tsolmon v. United States*, 841 F.3d 378, 382 (5th Cir. 2016) (citing 28 U.S.C. § 2680(a)).

instituted against the United States "unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing" or been left undecided for six months. *Hinojosa v. U.S. Bureau of Prisons*, 506 F. App'x 280, 282 (5th Cir. 2013).  28 U.S.C. § 2675(a).  The FTCA waives sovereign immunity by "permit[ting] civil actions for damages against the United States for personal injury or death caused by the negligence of a government employee under circumstances in which a private person would be liable."  *Sangernetta Mason, A1C v. United States*, 372 F. App'x 504, 505 (5th Cir. 2010) (citing *Quijano v. United States*, 325 F.3d 564, 567 (5th Cir. 2003)).  The FTCA's administrative exhaustion procedure is a jurisdictional prerequisite to the filing of an action under the FTCA and must be met at the time of filing. *Lopez-Heredia v. Univ. of Texas Med. Branch Hosp.*, 240 F. App'x 646, 647 (5th Cir. 2007) ("The BOP's FTCA claims procedure is separate from the BOP's administrative remedies procedure."). *See* 28 C.F.R. § 543.30-543.32. Such was not the case here.

For the reasons asserted, it is the recommendation of the undersigned that the claims against BOP Defendants be dismissed for lack of jurisdiction, or alternatively, that summary judgment be granted for lack of exhaustion. To the extent Plaintiff's claims implicate the FTCA, the undersigned additionally recommends that those claims be dismissed.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to Rule 72(a)(3) of the Local Uniform Civil Rules of the United States District Courts for the Northern District of Mississippi and the Southern District of

Mississippi, any party may serve and file written objections within 14 days after being served with a copy of this Report and Recommendation.  Within 7 days of the service of the objection, the opposing party must either serve and file a response or notify the District Judge that he or she does not intend to respond to the objection.

The parties are hereby notified that failure to file timely written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation shall bar that party from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, except upon grounds of plain error.  28 U.S.C. § 636, Fed. R. Civ. P. 72(b) (as amended, effective December 1, 2009); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996).

Respectfully submitted on October 25, 2022.

s/ LaKeysha Greer Isaac
UNITED STATES MAGISTRATE JUDGE
